# In the United States District Court for the Southern District of Georgia Savannah Division

| | |
|---|---|
| TERRENCE GARNER,<br><br>　　Plaintiff,<br><br>　　v.<br><br>CAPITAL ONE AUTO FINANCE, INC.,<br><br>　　Defendant. | 4:25-CV-101 |

## ORDER

Before the Court is Plaintiff's "Urgent Emergency Motion for Temporary Restraining Order and Preliminary Injunction." Dkt. No. 1. Plaintiff, who is proceeding *pro se*, seeks a temporary restraining order ("TRO") and preliminary injunction to enjoin Defendant from selling or transferring Plaintiff's allegedly wrongfully repossessed vehicle and to order its return. For the reasons set forth below, Plaintiff's motion is **DENIED**.

## BACKGROUND

Plaintiff alleges that he opened an auto loan account with Defendant on April 12, 2022 in order to buy a 2019 Ford Mustang GT.[1] Dkt. No. 1 ¶ 6. According to Plaintiff's complaint, beginning in September 2023, Defendant began reporting to TransUnion,

---

[1] The VIN of this 2019 Ford Mustang GT is 1FA6P8CF2K5201480. Dkt. No. 1 ¶ 6.

Experian, and Equifax that Plaintiff was delinquent on his payments. Id. ¶ 7. On July 12, 2024, Plaintiff mailed a notarized letter to Defendant to dispute the credit reporting "and [to] invok[e his] rights under 15 U.S.C. § 1666(b), and 15 U.S.C. § 1637(b)."[2] Id. ¶ 8. Plaintiff contends that upon receipt of this letter on July 20, 2024, Defendant failed to provide the statutorily required documentation or otherwise rebut Plaintiff's claims. Id. ¶ 9.

According to the complaint, on April 19, 2025, Plaintiff's car was "repossessed from inside a gated private community without notice, court order, or communication with the apartment complex." Id. ¶ 16. Following this, Plaintiff filed a police report with the Savannah Police Department and issued a formal Notice of Illegal Repossession and Cease and Desist to Defendant. Id. ¶¶ 17–18. Shortly after, on April 21, 2025, Defendant posted online a "Notice of Intent to Sell," and Plaintiff issued a Cease and Desist demand. Id. ¶¶ 19, 22.

---

[2] Plaintiff asserts that, in addition to sending a letter to Defendant, he has filed an identity theft report with the Savannah Police Department and the Federal Trade Commission. Id. ¶ 10. Moreover, Plaintiff claims that he submitted a complaint to the Consumer Financial Protection Bureau, which Defendant responded to "with inaccurate and incomplete explanations, including a copy of a fraudulent or altered contract[.]" Id. ¶¶ 11–12. Plaintiff also alleges that he filed for arbitration with JAMS and AAA, but Defendant declined to arbitrate. Id. ¶¶ 13–14.

2

The record reflects Defendant has not been served with process or otherwise appeared in this federal action.

## LEGAL AUTHORITY

Federal Rule of Civil Procedure 65(a) states that a "court may issue a preliminary injunction *only on notice* to the adverse party."  Fed. R. Civ. P. 65(a) (emphasis added). Further, Rule 65(b) states the Court may provide a TRO without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B).

## DISCUSSION

The Court does not reach the merits of Plaintiff's claims or request for relief because his motion is procedurally deficient for failure to comply with Rule 65's requirements. Plaintiff's motion for a preliminary injunction fails at this time because Defendant has not yet been given notice of these proceedings. See Fed. R. Civ. P. 65(a). The Court therefore cannot grant Plaintiff this form of relief at this time.

Plaintiff's motion for a TRO also fails. Although Plaintiff has provided the Court with a verified complaint, his filing does

not meet the pleading requirements contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 65(b)(1)(A). Critically, Plaintiff's filing does not show he will suffer immediate and irreparable injury, loss, or damage before Defendant can be heard. See id. Moreover, Plaintiff fails to certify to the Court any efforts he made to provide notice to Defendant or Defendant's counsel or any reasons why notice should not be required. See Fed. R. Civ. P. 65(b)(1)(B). Notice requirements "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted [to] both sides of a dispute." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 438-39 (1974). Accordingly, Plaintiff has not shown that an ex parte TRO is warranted.

## CONCLUSION

For these reasons, Plaintiff's motion for a temporary restraining order and preliminary injunction, dkt. no. 1, is **DENIED**.

**SO ORDERED** this 29th day of April, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4