IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TERRENCE GARNER, | |
| Plaintiff, | CIVIL ACTION NO.: 4:25-cv-101 |
| v. | |
| CAPITAL ONE AUTO FINANCE, INC., | |
| Defendant. | |

**O R D E R**

Defendant filed a Motion to Stay Discovery.  Doc. 31.  Defendant requests the Court stay discovery until the resolution of its motion to dismiss.  Id. at 1.  Plaintiff filed a Response to Defendant's Motion, opposing a stay.  Doc. 36.  For the reasons discussed below, the Court **GRANTS** Defendant's Motion and **STAYS** discovery in this case.  This stay will be automatically lifted upon the issuance of a Court order ruling on Defendant's motion to dismiss, if any claims remain pending.  The Court **DIRECTS** the parties to confer within 14 days of a ruling on Defendant's motion to dismiss and then submit their Rule 26(f) report 7 days after their conference, if the case remains pending.  The Court **DIRECTS** the Clerk of Court to **TERMINATE** the parties' Rule 26(f) reports, docs. 32, 37.

Plaintiff alleges that Defendant reported his auto loan payment history inaccurately and fraudulently, resulting in his vehicle being repossessed.  Doc. 1 at 3–4.  Plaintiff alleges violations of numerous federal statutes, including the Fair Credit Reporting Act, as well as multiple state law torts.  Id.  Defendant filed a motion to dismiss.  Doc. 15.  Defendant also filed this Motion to Stay, requesting the Court stay discovery pending resolution of its motion to

dismiss.  Doc. 31.

The Court has broad discretion when deciding whether to issue a stay of discovery. Rivas v. The Bank of N.Y. Mellon, 676 F. App'x 926, 932 (11th Cir. 2017).  Although the party seeking a stay bears the burden of showing the stay is necessary, the Eleventh Circuit Court of Appeals has reasoned a court should typically rule on a dispositive motion before discovery begins to avoid unnecessary costs to the parties.  Carapella v. State Farm Fla. Ins. Co., No. 8:18-CV-2396-T-36, 2018 WL 7268163, at *1 (M.D. Fla. Nov. 5, 2018); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367–68 (11th Cir. 1997).  For these reasons, this Court and other courts within the Eleventh Circuit routinely find good cause to stay the discovery period where there is a pending motion that will dispose of the entire case.  See, e.g., Diaz v. Atkinson County, No. 5:15-cv-16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); Habib v. Bank of Am. Corp., No. 1:10-cv-04079, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368 ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties.")); Berry v. Canady, No. 2:09-cv-765, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss]." (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005))).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." SP Frederica, LLC v. Glynn County, No. 2:15-cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).  The Court should also determine whether the parties "have any need for discovery before the court rules on the

[dispositive] motion." Chudasama, 123 F.3d at 1367. In addition, "a court must take a preliminary peek at a dispositive motion to assess the likelihood that the motion will be granted." Sams v. Ga. W. Gate, LLC, No. CV415-282, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." Id.

Defendant has met its burden in showing a stay is necessary. While a ruling on the motion to dismiss is a decision for the District Judge, a "preliminary peek" reveals Defendant's motion has merit. Defendant argues that Plaintiff fails to state a claim for relief. Doc. 15 at 5–16. If granted in its entirety, Defendant's motion to dismiss would dispose of all claims in this action.

Even if judgment is only granted as to some of Plaintiff's claims, it will significantly reduce the scope of this litigation. This fact weighs in favor of granting the stay. Indeed, courts in this circuit routinely grant motions to stay discovery where the "resolution on the pending motion to dismiss may extinguish some or all of the claims . . . potentially restricting the scope of discovery significantly." Jackson v. Fed. Home Loan Mortg. Corp., No. CV413-124, 2014 WL 12659868, at *1 (S.D. Ga. Apr. 29, 2014) (quoting White v. Georgia, No. 1:07-cv-01739, 2007 WL 3170105, at *2 (N.D. Ga. Oct. 25, 2007)); Moore v. Potter, 141 F. App'x 803, 808 (11th Cir. 2005) (explaining "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." (quoting Chudasama, 123 F.3d at 1368)). Thus, the fact resolution of the motion to dismiss may dispose of the case entirely, or at least reduce the scope of discovery significantly, counsels in favor of granting a stay.

Plaintiff argues a stay is inappropriate because the parties have already submitted a Rule 26(f) report. Doc. 36 at 2–3. Plaintiff also argues that Defendants have shown no particularized burden. Id. at 3.

There appears to be little harm in delaying discovery, even if some claims survive Defendant's motion to dismiss. It appears from the face of the filings that Defendant's motion to dismiss has merit, even if it ultimately does not succeed. In addition, Plaintiff has not shown that he would be prejudiced by a stay. There is no indication that a stay poses any risk of prejudice, and Plaintiff has not argued the point.

For the reasons explained above, the Court **GRANTS** Defendant's Motion and **STAYS** discovery in this case. This stay will be automatically lifted upon the issuance of a Court order ruling on Defendant's motion to dismiss, if any claims remain pending. The Court **DIRECTS** the parties to confer within 14 days of a ruling on Defendant's motion to dismiss and then submit their Rule 26(f) report 7 days after their conference, if the case remains pending. The Court **DIRECTS** the Clerk of Court to **TERMINATE** the parties' Rule 26(f) reports, docs. 32, 37.

**SO ORDERED**, this 23rd day of October, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA