IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TERRENCE GARNER, | |
| Plaintiff, | CIVIL ACTION NO.: 4:25-cv-101 |
| v. | |
| CAPITAL ONE AUTO FINANCE, INC., | |
| Defendant. | |

**O R D E R**

Plaintiff filed a Motion to Strike. Doc. 34. Plaintiff asks the Court to strike attachments to a brief Defendant filed. Id. Defendant filed a Response, opposing Plaintiff's Motion. Doc. 35. For the following reasons, the Court **DENIES** Plaintiff's Motion.

**BACKGROUND**

In his Complaint, Plaintiff alleges that Defendant incorrectly and fraudulently reported his payment history on an auto loan account. Doc. 1. Plaintiff also alleges that Defendant furnished a "fraudulent or altered contract." Id. at 2.

On July 7, 2025, the Honorable Lisa Godbey Wood held a hearing concerning Plaintiff's motion to reconsider. Doc. 22. The Court had previously denied Plaintiff's motion for preliminary injunction, and Plaintiff sought reconsideration of that decision. See Docs. 6, 12. During the hearing, the parties raised a dispute. Defendant previously produced the contract in question to the Court, and Plaintiff appeared to dispute its authenticity. Judge Wood requested additional briefing from the parties concerning the contract in question. Defendant filed a brief, accompanied by attachments. Doc. 27. Specifically, Defendant attached a number of exhibits,

including a declaration by Defendant's employee Kevin Lawson, the retail installment sales contract, and documents related to a credit application.  Docs. 27-1 to -7.  Plaintiff then filed this Motion to Strike Defendant's exhibits.  Doc. 34.

## DISCUSSION

Plaintiff argues that Defendant's exhibits should be struck because they are "inadmissible, unauthenticated, and prejudicial."  Doc. 34 at 1.  Plaintiff argues that Defendant's declaration is improper.  Plaintiff argues that the declaration relies on hearsay and is not authenticated.  Id.  Plaintiff also argues that several exhibits do not establish privity of contract and are forgeries.[1]  Id. at 2.  Plaintiff argues that one exhibit (doc. 27-5) is fully redacted and therefore "has no probative value" and "risks misleading the Court under FRE 403."  Id.  Defendant argues that Document Number 27-7 "reflects disputed and unverifiable consumer information, arguing that it violates the Federal Credit Reporting Act and is "inherently prejudicial."  Id. at 3.  Plaintiff also argues generally that allowing Defendant to proceed with these exhibits "would prejudice Plaintiff and reward procedural abuse."  Id.

Defendant disputes Plaintiff's characterizations.  Doc. 35.  Defendant argues that the declaration is not based on hearsay, that even if it is hearsay, the Court can consider the declaration at this stage of proceedings, and that it is authenticated.  Id. at 4–7.  Defendant argues Plaintiff's arguments go to the weight of the evidence and not its admissibility.  Id. at 8.  Defendant argues the evidence is not prejudicial and Plaintiff has presented no reason to strike any of it.  Id. at 8–10.

---

[1]  Plaintiff provides no convincing reason to believe that the documents in question are forgeries.  Even if he did, one of the apparent purposes of the Court's directive for additional briefing seems to be to determine whether the contract in question is genuine.

Plaintiff cites several Federal Rules of Evidence and makes objections to Defendant's exhibits based on hearsay and prejudice.[2] Plaintiff's arguments are unconvincing. The evidence in question was submitted at the Court's direction in relation to a preliminary injunction dispute. Preliminary injunctions are often determined based on "evidence that is less complete than in a trial on the merits." Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). And a district court "may rely on affidavits and hearsay materials which would not be admissible evidence for a permanent injunction, if the evidence is 'appropriate given the character and objectives of the injunctive proceeding.'" Brown v. Sec'y, 4 F.4th 1220, 1240 n.6 (11th Cir. 2021) (quoting Levi Strauss & Co. v. Sunrise Int'l Trading Inc., 51 F.3d 982, 985 (11th Cir. 1995)). Further, Plaintiff's arguments that Defendant's exhibits are forgeries or are unverifiable are arguments about the exhibits' weight, not admissibility. Defendant's exhibits are precisely the type of evidence considered in a preliminary injunctive proceeding and go directly to the Court's request for additional briefing on issues related to the contract. Ultimately, all of Plaintiff's arguments address the disputed evidence's weight or admissibility at trial and do not show that the exhibits should be struck.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion.

**SO ORDERED**, this 23rd day of October, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] I construe Plaintiff's arguments in his Motion as arguments objecting to evidence. At the pretrial motions stage, the Court may strike material from pleadings. Fed. R. Civ. P. 12(f). A brief in response to a motion is not a pleading. Fed. R. Civ. P. 7(a). Therefore, the Court will not "strike" the exhibits.